**Altheus RICHARDSON, et al.,**
**Plaintiffs–Appellants,**

**Gilberto Miranda, et al., Appellants,**

v.

**UNITED STEELWORKERS OF AMER-ICA, Defendants–Appellees.**

No. 87–1875.

United States Court of Appeals,
Fifth Circuit.

Feb. 6, 1989.
Rehearing and Rehearing En Banc
Denied March 8, 1989.

Mike T. Milligan, El Paso, Tex., for plaintiffs-appellants.

Richard J. Brean, Asst. General Counsel, United Steelworkers of America, Pittsburgh, Pa., Bruce Alan Fickman, Houston, Tex., for defendants-appellees.

Before REAVLEY, GARWOOD, and DAVIS, Circuit Judges.

GARWOOD, Circuit Judge:

The plaintiffs-appellants in this case are former employees of Phelps Dodge Copper Refinery in El Paso, Texas (Phelps Dodge) who were replaced while on strike. Defendant-appellee United Steelworkers of America, AFL–CIO–CLC (the Union) was their collective bargaining representative. Plaintiffs sued the Union in state court for alleged breach of its duty as their bargaining agent by failing to warn them of Phelps Dodge's statutory right to replace them. The Union removed the case to federal court and several other former employees sought leave to intervene. The district court determined that it had subject matter jurisdiction over the case, denied the motions for leave to intervene, and dismissed plaintiffs' action as time-barred by the six-month federal statute of limitations for federal duty of fair representation claims, section 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b). We affirm.

**Facts and Proceedings Below**

Plaintiffs filed this action against the Union in Texas state court on Monday, April 6, 1987, alleging in their original petition that:

"Between July 1, 1983, and April 5, 1985, *Defendant acted as bargaining agent for Plaintiffs* in connection with their employment by the Phelps Dodge Refinery in El Paso, Texas. *As the bargaining agent for Plaintiffs, Defendant had a duty* to advise them of measures which their employer could, and in reasonable probability would, take, should members of the bargaining unit (including Plaintiffs and others) either vote to reject their employer's final offer or vote to go out on strike. Among the employer's rights in this dispute was the right to put into effect its final offer after bargaining to impasse, and to hire permanent replacements in the event of a strike. Defendant, without legal justification or excuse, failed to advise Plaintiffs that their employer had these rights. Thereafter, the employer exercised these rights, and all Plaintiffs were permanently replaced by the employer.

Had Plaintiffs known that their employer had the rights which it in fact had, they would have either persuaded the other members of the bargaining unit to vote in favor of the employer's final offer, and if that had failed, then Plaintiffs would have accepted the final offer individually.

"....

"The cause of action herein accrued on the 5th day of April, 1985, when Defendant informed Plaintiffs that Defendant no longer represented them...." (Emphasis added.)

Plaintiffs' original petition does not allege that plaintiffs are or ever were members of the Union. And, this pleading does not expressly mention or refer to any federal or state statute, regulation, or court decision, nor does it expressly refer to federal or state law or expressly identify the jurisdiction the law of which it seeks to invoke.

The Union was served with plaintiffs' state court original petition on May 6, 1987 and on May 20, it removed the case to the United States Court for the Southern District of Texas pursuant to 28 U.S.C. § 1441 on the basis of jurisdiction under section 301 of the NLRA, 29 U.S.C. § 185(a) (jurisdiction of the district court over suits for violations of collective bargaining agreements). The Union then moved to dismiss plaintiffs' action as time-barred under the six-month limitations period of section 10(b) of the NLRA, 29 U.S.C. § 160(b), asserting that the plaintiffs' action was actually for breach of its duty of fair representation under the NLRA, though plaintiffs had not pleaded the NLRA as the basis for their state action. On May 26, plaintiffs moved to remand and filed a response to the Union's motion to dismiss, contending that their claim was for negligent breach of a Texas common-law tort duty owed by a union to its members and that either the Texas four-year, or two-year, statute of limitations applied. On May 29, the Union moved to amend its petition for removal, and tendered an amended removal petition alleging federal jurisdiction based on 29 U.S.C. § 159(a) (bargaining representative

for majority of unit members shall be exclusive representative for unit), 28 U.S.C. § 1331 (original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1337 (jurisdiction over civil actions "arising under" federal laws regulating commerce). The district court granted leave to file the amended removal petition, noting that since it was tendered within the original thirty-day period provided by 28 U.S.C. § 1446(b) the amendment should be allowed. *See* Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3733 at 537 (2d ed. 1985).

While the respective motions to dismiss and to remand were under submission, fourteen additional ex-employees of Phelps Dodge moved to intervene, asserting they had identical claims.

The district court ultimately agreed with the Union's analysis of plaintiffs' claim, finding that plaintiffs had "stated a claim for breach of the duty of fair representation," which "arose in the context of a collective bargaining agreement." Based on this conclusion, the district court denied plaintiffs' motion to remand; applied the six-month limitations period of section 10(b) of the NLRA prescribed by *DelCostello v. International Broth. of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), for duty of fair representation claims, and dismissed plaintiffs' claims as time-barred. It also denied the motion for intervention.[1] This appeal followed.

### Discussion

Plaintiffs alleged that the Union had a duty to advise them of Phelps Dodge's right to replace them if they went on strike. They alleged that this duty arose from the Union's status as their collective bargaining agent (and their original petition asserts no other source of this duty). The Union's right to act as plaintiffs' bargaining agent is conferred by the NLRA, and we hold that the duties corresponding to this right conferred by federal labor law

are likewise defined solely by federal labor law. As a result of this complete preemption of state law, we further hold that the district court had removal jurisdiction over these actions. Finally, we find that the district court did not err in denying the motion to intervene.

### The Duty of Fair Representation and Preemption

■ Plaintiffs simply alleged that the Union was "the bargaining agent for Plaintiffs" and that it "acted as bargaining agent for Plaintiffs in connection with their employment by" Phelps Dodge. Taken in the context of plaintiffs' original petition as a whole, these statements clearly imply that the Union was the exclusive bargaining agent under the NLRA for the collective bargaining unit of which plaintiffs (and the putative intervenors) were members, and the subsequent briefs and motions of all parties, here and below, in fact treat the Union as such. The duty which the Union allegedly breached is described in the original petition as "a duty" which the Union had "[a]s the bargaining agent for Plaintiffs" (emphasis added). No other source of duty is alleged in the original petition. The nature of the relationship between a collective bargaining agent and the employees in the bargaining unit is well established:

"Sections 8(b) and 9(a) of the Labor Management Relations Act, 29 U.S.C. §§ 158(b), 159(a), empower a union that represents a majority of the employees in an appropriate bargaining unit to act as the exclusive representation of all the employees in collective bargaining. Because the union acts as agent of all the employees, it owes each of them, whether or not a union member, the duty of fair representation.... The scope of this duty was outlined in *Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903, 910, 17 L.Ed.2d 842, 850 (1967). The Supreme Court there held that, when a union acts as the collective bargaining agent of its members, it is obliged 'to secure the in-

---

1. The district court initially granted the Union's motion to dismiss without explicitly ruling on plaintiffs' motion to remand. The court subsequently entered an amended order of dismissal that denied the motion to remand.

terests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty and to avoid arbitrary conduct.' *Id.* at 177, 87 S.Ct. at 910, 17 L.Ed. at 850." *Bass v. International Broth. of Boilermakers,* 630 F.2d 1058, 1062 (5th Cir.1980).

*See also In re Carter,* 618 F.2d 1093, 1104 (5th Cir.1980), *cert. denied sub nom. Sheet Metal Workers' Intern. Ass'n v. Carter,* 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981).

This duty of fair representation generally governs a union's conduct vis-a-vis the bargaining unit members when the union is representing them.[2] *See Swatts v. United Steelworkers of America,* 808 F.2d 1221, 1224 (7th Cir.1986) (applying NLRA duty of fair representation to determine whether defendant union liable for failure to advise plaintiffs, replaced striking unit employees, that employer could replace them); *Acri v. Intern. Ass'n of Machinists & Aerospace Workers,* 781 F.2d 1393, 1397 (9th Cir. 1986), *cert. denied,* 479 U.S. 816, 107 S.Ct. 73, 93 L.Ed.2d 29 (1986) (applying NLRA duty of fair representation to determine whether defendant union liable to plaintiffs, former unit employees of closed plant, for misrepresenting to them that pro-

posed collective bargaining contract with employer, which employees later ratified, removed previous limits on severance pay); *Anderson v. United Paperworkers Intern. Union, AFL–CIO,* 641 F.2d 574, 576–78 (8th Cir.1981) (applying NLRA duty of fair representation to determine defendant union's liability in suit by former employees of employer which became bankrupt where union's misrepresentation that severance pay called for in proposed collective bargaining agreement was secured by "a special security fund" allegedly induced employees to ratify the agreement).

In *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), the Court further held that this federal duty of fair representation preempted state substantive law (though it did not preclude state court jurisdiction).[3] *Id.* 87 S.Ct. at 916–18. As the Court stated: plaintiff's "complaint alleged a breach by the Union of a duty grounded in federal statutes, and that federal law therefore governs his cause of action." *Id.* at 910. The Court explained that this uniform federal standard struck the proper balance between the union's need for discretion when acting as the representative of all the bargaining unit members and the individual's right to be treated fairly.[4] *Id.* at 918. Because the plaintiffs

---

2. We do not find *Smith v. Local 25, Sheet Metal Workers Int. Ass'n,* 500 F.2d 741, 750 (5th Cir. 1974), or *Bass,* 630 F.2d at 1062–63, inconsistent with this statement. *Smith,* upon which *Bass* relied, stated: "A [duty of fair representation] breach occurs only when a union's dealings with the employer, ostensibly on behalf of a member of the bargaining unit, show that the union's conduct toward the member has been arbitrary, discriminatory, or in bad faith." 500 F.2d at 750. Taken out of context, this statement might suggest that the duty does not apply unless the union acts wrongfully on behalf of the employee vis-a-vis the employer. However, *Smith* merely held that suspension or expulsion from the union of a union member for failing to pay union dues was not a breach of the duty of fair representation because the union was not representing the employee "in dealings with the employer." *Cf. Amalgamated Ass'n of Street, Electric Railway and Motor Coach Employees v. Lockridge,* 403 U.S. 274, 91 S.Ct.1909, 29 L.Ed.2d 473 (1971) (jurisdiction of the National Labor Relations Board preempts state and federal court jurisdiction where employee complains of wrongful suspension of union membership that deprived him of employment). Similarly, in

*Bass* we held that the union does not owe a duty of fair representation when union conduct "affects only an individual's relationship within the union structure" and not the relationship between employee and employer. *See also International Ass'n of Machinists v. Gonzales,* 356 U.S. 617, 78 S.Ct. 923, 2 L.Ed.2d 1018 (1958).

3. The Court did not actually label this aspect of its holding "preemption," possibly to avoid confusion with the issue of whether the exclusive jurisdiction of the National Labor Relations Board over unfair labor practices preempted state and federal court jurisdiction over duty of fair representation claims under *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). *Vaca,* 87 S.Ct. at 912–18.

4. The duty of fair representation originally developed under the Railway Labor Act to protect racial minorities, who were excluded from white unions, from discrimination and thereby to prevent labor unrest. *See, e.g., Steele v. Louisville & N. R. Co.,* 323 U.S. 192, 65 S.Ct. 226, 231, 89 L.Ed. 173 (1944).

in this case alleged that the Union breached a duty that arose from its status as their exclusive collective bargaining agent under the NLRA, *Vaca* requires that this duty be defined by federal law. "It is the conduct being regulated, not the formal description of governing legal standards, that is the proper focus of concern." *Amalgamated Ass'n of Street, Electric Railway and Motor Coach Employees v. Lockridge,* 403 U.S. 274, 91 S.Ct. 1909, 1920, 29 L.Ed.2d 473 (1971). We thus find no error in the district court's characterization of plaintiffs' claims as NLRA duty of fair representation claims. *See Johnson v. Intern. Union Local No. 23,* 828 F.2d 961, 967 (3d Cir.1987).[5]

We note that this case, like *IBEW, AFL–CIO v. Hechler,* 481 U.S. 851, 107 S.Ct. 2161, 2168 n. 5, 95 L.Ed.2d 791 (1987), does not present the question of whether the Union was subject to "an independent state-law duty of care ... arising simply from the relationship of a union to its members." Plaintiffs here allege a duty arising from the collective bargaining agent's relationship under the NLRA with the bargaining unit members, who may or may not be union members. Indeed, plaintiffs' original petition does not even allege that plaintiffs are or were members of the Union. Nor does this case involve state law actions that are not preempted because the activity complained of touches interests "deeply rooted in local feeling" or is only a "peripheral concern of the NLRA." *Lodge 76, Intern. Ass'n of Machinists & Aerospace Workers v. Wisconsin Employment Rel. Com'n,* 427 U.S. 132, 96 S.Ct. 2548, 2551–54, 49 L.Ed.2d 396 (1976); *Farmer v. United Broth. of Carpenters & Joiners of America, Local 25,* 430 U.S. 290, 97 S.Ct. 1056, 1061, 51 L.Ed.2d 338 (1977). *See also Eitmann v. New Orleans Public Service, Inc.,* 730 F.2d 359, 363–64 (5th Cir.), *cert. denied,* 469 U.S. 1018, 105 S.Ct. 433, 83 L.Ed.2d 359 (1984). Each state has a strong interest in protecting "the health

and well-being of its citizens" and independent tort duties protecting such interests are not preempted by the NLRA. *Farmer,* 97 S.Ct. at 1065. But plaintiffs did not allege any breach of a state tort duty that exists independently of the NLRA-established collective bargaining relationship, which is the central concern of the NLRA.

██ Because this is a duty of fair representation case, the six-month limitations period of section 10(b) of the NLRA applies, *DelCostello,* 103 S.Ct. 2281, and plaintiffs' claims, which were filed approximately two years after their claims arose, are therefore time-barred.

*Removal Jurisdiction*

The right to remove a case from state to federal court is based on the statutory grant of jurisdiction in 28 U.S.C. § 1441, which provides in pertinent part:

"(a) ... [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

*See Finn v. American Fire & Cas. Co.,* 207 F.2d 113, 115 (5th Cir.1953), *cert. denied,* 347 U.S. 912, 74 S.Ct. 476, 98 L.Ed. 1069 (1954). Here, there being no allegation of diversity of citizenship, removal was proper only if the case was one which could

---

5. Whether the Union breached its duty of fair representation is a separate and distinct issue, which we do not reach because plaintiffs' claims are time-barred. We do note that in *Swatts,* 808 F.2d at 1224–25, the Court affirmed the dismissal on the merits of a duty of fair representation

claim that was analogous to plaintiffs' claim. Whether or not a claim arises under the federal duty of fair representation law for jurisdictional purposes is, of course, a different question from whether the claim is a valid one on the merits. *See, e.g., In re Carter,* 618 F.2d at 1102–03.

have been originally brought in federal district court because it was founded on a claim or right arising under the law of the United States.

Because duty of fair representation claims are implied from sections 8(b) and 9(a) of the NLRA, 29 U.S.C. §§ 158(b), 159(a), which are federal laws regulating commerce, there is original federal jurisdiction of such claims under section 1337. *In re Carter*, 618 F.2d at 1104; *Smith v. Local 25, Sheet Metal Workers Int. Ass'n*, 500 F.2d 741, 748 (5th Cir.1974); *Mumford v. Glover*, 503 F.2d 878, 883 (5th Cir.1974). When a collective bargaining *agreement* imposes a duty of fair representation, there is federal jurisdiction over a claim for breach of that duty under section 301, *In re Carter*, 618 F.2d at 1104, but when a duty of fair representation is pleaded without asserting rights under a collective bargaining *agreement*, "federal jurisdiction cannot be grounded on section 301." *In re Carter*, 618 F.2d at 1104. *See also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 2431, 96 L.Ed.2d 318 (1987). Here plaintiffs sued the Union for breach of duty as their collective bargaining representative but did not plead a breach of or rights arising under a collective bargaining agreement. Thus, original federal jurisdiction must be grounded on section 1337.[6]

When determining whether plaintiffs' claim arises under section 1337, we are confronted with a jurisdictional question that does not lend itself to simple solutions. *See Powers v. South Central United Food & Commercial Workers Unions and Employers Health & Welfare Trust*, 719 F.2d 760, 763 & n. 1 (5th Cir. 1983); *Superior Oil Co. v. Pioneer Corp.*, 706 F.2d 603, 605 (5th Cir.1983), *cert. denied*, 464 U.S. 1041, 104 S.Ct. 706, 79 L.Ed. 2d 171 (1984). One clear feature of the "arising under" requirement, however, is

the well-pleaded complaint rule: whether a claim arises under federal law must be determined from the allegations in the well-pleaded complaint. *See generally* Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3566 (2d ed. 1984). In removal cases removed, the plaintiff's well-pleaded complaint, not the removal petition, must establish that the case arises under federal law. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 3232, 92 L.Ed. 2d 650 (1986); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 2847, 77 L.Ed.2d 420 (1983). This requires the court to determine federal jurisdiction only from those allegations necessary to state a claim or, stated alternatively, a federal court does not have jurisdiction over a state law claim because of a defense that raises a federal issue. *Franchise Tax Board*, 103 S.Ct. at 2846; *Gully v. First National Bank at Meridian*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Under the well-pleaded complaint rule, federal preemption is generally a defensive issue that does not authorize removal of a case to federal court. *See Powers*, 719 F.2d at 764–65.

However, in *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists*, 390 U.S. 557, 88 S.Ct. 1235, 1237, 20 L.Ed.2d 126 (1968), the Court held that because state law claims for breach of collective bargaining agreements were so wholly preempted by section 301 of the Labor Management Relations Act of 1947, 29 U.S. C. § 185, that those preempted claims arose under section 301 and the federal court therefore could exercise removal jurisdiction under sections 1337 and 1441 over suits asserting such claims.[7] The Court

---

6. Jurisdiction could presumably be grounded on section 1331 as well since section 1331's broader grant of jurisdiction over cases arising under federal laws would seem to encompass section 1337's narrower grant of jurisdiction over cases arising under federal laws regulating commerce. There is no distinction, however, between the "arising under" requirements for section 1337 and section 1331. *Franchise Tax*

*Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 2845 n. 7, 77 L.Ed.2d 420 (1983); *Beers v. North American Van Lines, Inc.*, 836 F.2d 910, 913 n. 1 (5th Cir.1988).

7. Although section 301 has been held to be an adequate jurisdictional grant, *see, e.g., Textile Workers Union v. Lincoln Mills of Ala.*, 77 S.Ct. at 915, the *Avco* Court found jurisdiction for

gave little explanation in its tersely worded decision, seeming to rely primarily on *Textile Workers Union of America v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 918, 1 L.Ed.2d 972 (1957), which held that Congress, in enacting section 301, intended for the federal courts to create a body of federal law "from the policy of our national labor laws" for the enforcement of collective bargaining agreements.

▮ In *Franchise Tax Board*, the Court further explained *Avco:*

"The necessary ground of decision was that the preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.' Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301. *Avco* stands for the proposition that if a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." 103 S.Ct. at 2853–54 (footnote omitted).

*See also Eitmann*, 730 F.2d at 365–66. Because section 301 preempts all state law claims that are "substantially dependent on analysis of a collective-bargaining agreement," all state suits asserting such thus preempted state law claims are removable, *Hechler*, 107 S.Ct. at 2166–67.[8]

Despite the possible implications of the broad language in *Franchise Tax Board*, *Avco* remains a narrow exception to the general rule that preemption is a defensive issue that does not authorize removal of a case to federal court. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 1546–48, 95 L.Ed.2d 55 (1987), recognized a requirement of "manifest congres-

sional intent" to make state claims preempted by federal law, other than those to which *Avco* applies, removable to federal court. *See Beers v. North American Van Lines, Inc.*, 836 F.2d 910, 913 n. 3 (5th Cir.1988). However, *Taylor*, which involved displacing preemption of a state law action by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.*, did not purport to define the scope of *Avco* in instances of preemption by the NLRA. It is the scope of *Avco* in such cases that we address here.

▮ We hold that where the NLRA federal law duty of fair representation, actionable in federal court, preempts a state law claim, the suit asserting such a claim arises under section 1337 and may be removed to federal court just as the suit asserting state law claims preempted by section 301 of the NLRA may be removed under *Avco* and its progeny. *Avco* recognized removal based on section 301's complete, displacing preemption of state law because of congressional intent that federal (and state) courts create and administer a comprehensive body of *federal* law for the court enforcement of collective bargaining agreements. Under *Vaca*, the NLRA duty of fair representation, for the enforcement of which a federal (and state) court action is authorized, completely preempts state law because of the congressional intent that federal law, developed to further the goals of the NLRA, entirely govern the duties which an NLRA collective bargaining representative owes, by virtue of its position as such, to the workers it represents in that capacity. We cannot conceive that Congress intended complete displacive preemption of the *Avco* variety in the section 301 context, but not in the context of the duty of fair representation arising from a

cases preempted by section 301 under 28 U.S.C. § 1337.

**8.** However, an individual having rights against an employer under both a collective bargaining agreement and a separate individual contract may bring a state law claim solely on the latter so long as that claim does not require the court to interpret the collective bargaining agreement. *Caterpillar*, 107 S.Ct. at 2431.

Further, the state court clearly has concurrent jurisdiction (subject to removal in appropriate instances) over breach of duty of fair representation and breach of collective bargaining agreement cases, though the governing law to be applied is federal. *Vaca*, 87 S.Ct. at 915–16; *Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962).

union's status as an exclusive collective bargaining agent under the NLRA.

We reached a similar result in *In re Carter*, 618 F.2d at 1104. There, the plaintiff brought a suit in state court against the union which was his collective bargaining representative, alleging arbitrary conduct that clearly stated a viable duty of fair representation claim although he had couched his pleadings in terms of state law. Looking to the substance of the complaint, we held that he had stated a duty of fair representation claim that could be removed to federal court even though no rights were asserted under the collective bargaining agreement. Here, the plaintiffs, who argued in support of their motion to remand that their claim sounds in negligent breach of a state common-law imposed duty and is not governed by the federal duty of fair representation, have alleged that the Union breached the duty it owed them by virtue of its position as their exclusive collective bargaining representative. No other claim is made. While plaintiffs' original petition does not *eo nomine* expressly invoke any federal law, our analysis here, as in *In re Carter*, looks to the substance of the complaint, which under *Vaca* is necessarily federal and under *Avco* is therefore removable.

*Intervention*

■ The additional former employees who attempted to join this suit sought both intervention as of right, Fed.R.Civ.P. 24(a)(2), and permissive intervention, Fed.R.Civ.P. 24(b). Rule 24(a)(2) requires the district court to allow intervention when the applicant

> "claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Here, each applicant claimed wrongful conduct by the Union in failing to advise them of the employer's right to hire permanent replacements for them if they remained on strike, and each will have to prove his own knowledge, and reliance thereon, concerning the consequences of a strike. This case will have no preclusive effect in any suit that they may bring. We conclude that the applicants for intervention do not have a "direct, substantial, legally protectable interest in the proceedings," as required by *New Orleans Public Service v. United Gas Pipe Line*, 732 F.2d 452, 463 (en banc), *cert. denied sub nom. Morial v. United Gas Pipe Line Co.*, 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984).

As to permissive intervention, our standard of review is set forth in *New Orleans Public Service*, 732 F.2d at 470–73, which held that permissive intervention is "wholly discretionary" and will only be overturned in "extraordinary circumstances." We find no such circumstances here.[9]

## Conclusion

Because plaintiffs alleged that the Union breached a duty owed them by virtue of its position as their collective bargaining agent, the district court correctly characterized their claim as a federal duty of fair representation claim under the NLRA over which it had removal jurisdiction. Under *Vaca*, the NLRA exclusively defines the duties to represented workers imposed upon a union by virtue of its status as their collective bargaining agent under the NLRA. Because these federal duties are court actionable and completely preempt any state law duties of unions to represented workers imposed by virtue of the union's status as their NLRA collective bargaining agent, under *Avco* the district courts may exercise removal jurisdiction over state suits asserting such thus preempted state law claims. The district court also correctly determined that the plaintiffs' claim was time-barred under section 10(b) of the NLRA and did not err in denying intervention.

---

9. Moreover, if the district court had granted intervention, it would have had to dismiss the would-be intervenors' claims along with the claim of each plaintiff.

Accordingly, the judgment of the district court is

AFFIRMED.