# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

No. 98-20369

KATHLEEN PECHA,

                Plaintiff-Appellant,

versus

PAT PADILLA, Etc; ET AL,

                Defendants,

PAT PADILLA, Individually and International Alliance of Theatrical
State Employees,

                Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-337)

August 9, 1999

Before EMILIO M. GARZA and PARKER, Circuit Judges, and COBB[*], District Judge.

EMILIO M. GARZA, Circuit Judge:[**]

Kathleen Pecha appeals from a grant of summary judgment in favor of Pat Padilla. Pecha argues that the court erred in determining that her state-law claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 *et seq.*, and thus are time-barred. We affirm.

I

Pecha is a member of the International Alliance of Theatrical Stage Employees ("IATSE") through Local No. 896 ("Local"). Padilla was the Business Agent for the Local during the relevant time periods. The Collective Bargaining Agreement ("CBA") between the Local and the Houston

---

[*]    District Judge of the Eastern District of Texas, sitting by designation.

[**]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ballet (the "Employer") provides that the Local will refer employees to the Employer and that all job referrals will be made by the Business Agent. Pursuant to the Local's Constitution, the Local adopted "Information and Rules for Work Roster Maintenance and Calling Procedures," which establishes a seniority-based system for job referrals. Pecha maintains that Padilla referred members with less seniority than her to the Employer, and that this constitutes a breach of contract and tortious interference with her employment opportunities. Pecha also claims that when she joined the Local, Padilla fraudulently represented that "membership in the Local would entitle [her] to calls for work from the call list." Pecha alleged in her complaint that she filed written grievances regarding Padilla's actions, and that the IATSE failed to investigate her grievances.

Pecha filed suit against Padilla and the IATSE in Texas district court, alleging breach of contract, tortious interference, fraud, libel, and slander. The IATSE removed the case to federal district court pursuant to 28 U.S.C. § 1441(b), asserting that Padilla's claims against the IATSE were within the jurisdiction of the court pursuant to Section 301(a) and (c) of the LMRA. The district court denied Pecha's motion to remand, concluding that Section 301(a) preempted Pecha's contract claim against the IATSE. The court explained that Pecha's contract claim asserted that the IATSE violated its contract with Pecha by failing to follow the grievance process outlined in the IATSE's Constitution and By-Laws. The parties later entered into a stipulation, approved by the district court, which dismissed the IATSE from the action. Shortly thereafter, Padilla moved for summary judgment. Pecha responded that the issue before the court was again whether the court maintained subject matter jurisdiction over the case. Pecha pointed out that, although she had claimed that the IATSE violated its Constitution and By-Laws, the claims against the IATSE were dismissed. The district court found that Section 301 preempted Pecha's contract, tortious interference, and fraud claims against Padilla, because the claims require interpretation of the CBA and the Constitutions of the IATSE and the Local. The court then found that the preempted claims "are actually claims that Defendant breached the duty of fair representation ('DFR')." The court granted summary judgment

as to those claims, finding that the LMRA's six-month statute of limitations barred the claims.[1] Pecha timely appealed.

## II

Pecha argues that the district court erroneously determined that Section 301 preempted her state-law claims, and she requests a remand to state court. Before we will consider the court's summary judgment ruling, we must consider whether the court had jurisdiction. We review questions of preemption *de novo*. *See Baker v. Farmers Elec. Coop., Inc.,* 34 F.3d 274, 278 (5th Cir. 1994).

The district court found that the state-law claims are preempted by Section 301 of the LMRA, because the CBA is at issue. Section 301 (a) provides in part:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court . . .

29 U.S.C. § 185(a). We have explained that, if the resolution of a state law claim substantially depends on the meaning of a collective bargaining agreement, then courts must treat the claim as one made under section 301 or dismiss it as preempted by state law. *See Branson v. Greyhound Lines, Inc.,* 126 F.3d 747, 753 (5th Cir. 1997), *cert. denied,* __ U.S. __, 118 S. Ct. 1362, 140 L. Ed. 2d 512 (1998). The Section does not preempt state-law claims only tangentially related to such an agreement. *See id.* Padilla asserts that Pecha's claims will require interpretation of the CBA, because the CBA controlled the manner in which Padilla called employees. In this case, however, Pecha does not argue that Padilla violated any provision of the CBA, and the resolution of the claims will not depend on an interpretation of the CBA. Nor will the case require, as Padilla asserts, interpretation of the union's Constitution. Instead, this case involves a dispute regarding whether a union officer followed the union's internal procedures for referring employees. We conclude that this intra-union dispute, which involves the contract between the Local and a member, is not preempted by Section 301. *See, e.g., Hernandez v. Wall,* 696 F. Supp. 52, 54 (S.D.N.Y. 1988) (concluding that a suit

---

[1] The court denied the motion for summary judgment as to the libel and slander claims, and remanded them to the Texas district court.

between an individual and the union is only within the scope of Section 301 if the suit is to enforce a contract between either an employer and a labor organization or two labor organizations).

Padilla argues that Section 301 preempts the state-law claims, because they are claims for the breach of the duty of fair representation. We have explained that the duty of fair representation does not arise from the collective bargaining agreement, but rather is an independent statutory duty that arises from the union's position as exclusive bargaining agent under Sections 8 and 9 of the National Labor Relations Act ("NLRA"). *See In re Carter,* 618 F.2d 1093, 1104 (5th Cir. 1980); *Smith v. Local No. 25, Sheet Metal Workers Int'l Ass'n,* 500 F.2d 741, 746 (5th Cir. 1974). For this reason,"[w]hen the allegations assert a breach of the duty of fair representation without a corresponding breach of the collective contract, federal jurisdiction cannot be grounded on section 301." *In re Carter,* 618 F.2d at 1104; *see also Richardson v. United Steelworkers of Am.,* 864 F.2d 1162, 1168 (5th Cir. 1989). In this case, Pecha did not plead a breach of the CBA. Thus, Pecha's claims are not preempted by § 301.

This does not end the jurisdictional inquiry, however, because the court may nonetheless have jurisdiction to hear fair representation claims under Sections 8 and 9 of the NLRA.[2] *See* 29 U.S.C. § § 158(b), 159(a); *In re Carter,* 618 F.2d at 1104 (considering Sections 8 and 9, in addition to Section 301, in a jurisdictional inquiry). "These Sections are part of an 'Act of Congress regulating commerce' over which the district courts have original jurisdiction under 28 U.S.C. § 1337." *In re Carter,* 618 F.2d at 1004. The Supreme Court has "long recognized that a labor organization has a statutory duty of fair representation under the [NLRA] 'to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.'" *Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6,* 493 U.S. 67, 73, 110 S. Ct. 424, 429, 107 L. Ed. 2d 388, __ (1989) (citations omitted).

The Local, and Padilla as it business representative, has a duty to exercise in good faith the

---

[2] Padilla has repeatedly asserted that Pecha's claims are actually claims for a breach of the duty of fair representation.

discretion to refer employees. *See id.* Although Pecha has couched her complaint in state-law terms, she is complaining that Padilla acted arbitrarily or in bad faith when Padilla failed to refer Pecha to the Employer. Looking to the substance of the complaint, we conclude that Pecha's complaint states a duty-of-fair-representation claim. *See Richardson,* 864 F.2d at 1170; *In re Carter,* 618 F.2d at 1104. Thus, the NLRA's duty of fair representation preempts the state-law claims, and the suit arises under § 1337.[3] *See Richardson,* 864 F.2d at 1169. We conclude that the district court had subject matter jurisdiction over Pecha's claims.

We turn to whether the court erred in granting summary judgment for Padilla. The district court granted summary to Padilla because the six-month statute of limitations for duty-of-fair representation claims had expired. We review a grant of summary judgment *de novo*. *See Thomas v. LTV Corp.,* 39 F.3d 611, 616 (5th Cir. 1994). Pecha argues only that her claims are not barred by the six-month limitations period because the claims are actually state-law claims, which have a longer limitations period. Having found that Pecha's complaint states a duty-of-fair-representation claim under the labor laws, we conclude that the district court did not err in granting summary judgment. *See DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 172, 103 S. Ct. 2281, 2294, 76 L. Ed. 2d 476, __ (1983) (concluding that the six-month statute of limitations in § 10(b) of the NLRA is applicable to a § 301 claim and to a duty-of-fair-representation claim against the union).

III

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[3] In addressing the court's jurisdiction under Section 301, Pecha explains that the duty of fair representation arises under Sections 8 and 9 of the NLRA. Pecha does not explain, however, why jurisdiction would not arise from those sections and § 1337.