United States Court of Appeals
Fifth Circuit

**F I L E D**

June 4, 2004

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

———————————————

No. 03-30900
Summary Calendar

———————————————

NORMAN VAN COURT, JR.,

Plaintiff-Appellant,

versus

AMERICAN POSTAL WORKERS UNION, New Orleans Local # 83;
AMERICAN POSTAL WORKERS UNION, AFL-CIO,

Defendants-Appellees.

———————————————————————————————————————

**Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 03-CV-1670-K**

———————————————————————————————————————

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Norman Van Court, Jr., appeals the district court's grant

of the defendants' FED. R. CIV. P. 12(b)(6) motion to dismiss his

suit for failure to state a claim.  Van Court argues that the

district court erred in determining that his state-law claims were

preempted and that his suit was not timely filed.  We conduct a

de novo review of a district court's dismissal under Rule 12(b)(6)

———————————————

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

for failure to state a claim. Brown v. NationsBank Corp., 188 F.3d 579, 585 (5th Cir. 1999).

The district court did not err in determining that Van Court's state-law claims were preempted by federal law. Because Van Court's claims arise from his allegation that the defendants failed to diligently prosecute his grievance, these claims are best construed as asserting that the defendants breached the duty of fair representation (DFR) that they owed to Van Court. See Landry v. The Cooper/T. Smith Stevedoring Co., 880 F.2d 846, 852 (5th Cir. 1989); see also McNair v. U.S. Postal Service, 768 F.2d 730, 735 (5th Cir. 1985). A DFR claim arises under federal law and preempts state-law claims. See Richardson v. United Steelworkers of America, 864 F.2d 1162, 1166-67 (5th Cir. 1989).

Further, the resolution of Van Court's claims necessarily involves an analysis of a collective bargaining agreement (CBA). A state-law claim is preempted by federal law when, as here, resolution of the claim is "inextricably intertwined with" consideration of the terms of a CBA. See Thomas v. LTV Corp., 39 F.3d 611, 616-17 (5th Cir. 1994). Thus, Van Court's state-law claims are preempted both because they arise from an alleged breach of the DFR and because resolution of these claims involves analysis of the CBA.

The district court also did not err in determining that Van Court's suit was untimely. See Smith v. Int'l Org. of Masters, Mates, and Pilots, 296 F.3d 380, 382 (5th Cir. 2002). The fact

that Van Court chose not to sue his employer does not preclude application of the six-month statute of limitations announced in <u>DelCostello v. Int'l Bhd. of Teamsters</u>, 462 U.S. 151, 172, (1983), to his suit.  <u>See</u> <u>Smith</u>, 296 F.3d at 382.

Van Court has shown no error in the district court's judgment.  Accordingly, that judgment is **AFFIRMED.**