Timothy WALSH and James
Worden, Plaintiffs,

v.

INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS
(I.B.E.W.) LOCAL 503, Brian Scott,
Scott Jensen, Robert Decker, Brian
McPartland, Patrick Greaven, Mi-
chael Hlavec, and John Does 1–5, who
are individual representatives of In-
ternational Brotherhood of Electrical
Workers (I.B.E.W.) Local 503, who
participated in the negotiation of cer-
tain collective bargaining agreements
for the members of International
Brotherhood of Electrical Workers
(I.B.E.W.) Local 503, including the
plaintiffs herein, Defendants.

No. 14 CV 1677(VB).

United States District Court,
S.D. New York.

Signed Oct. 7, 2014.

Donald John Lambiase, George A. Smith, Murphy & Lambiase, Goshen, NY, for Plaintiffs.

Adam Paul Cohen, Vincent Francis O'Hara, Holm & O'Hara LLP, New York, NY, for Defendants.

### MEMORANDUM DECISION

BRICCETTI, District Judge.

Plaintiffs Timothy Walsh and James Worden bring this action against defendants International Brotherhood of Electrical Workers (I.B.E.W.) Local 503 ("Local 503"), Brian Scott, Scott Jensen, Robert Decker, Brian McPartland, Patrick Greaven, and Michael Hlavec, asserting claims for breach of fiduciary duty, fraudulent misrepresentation, and negligence. This case was removed from Supreme Court, Orange County, on March 11, 2014.

1. Plaintiffs allege "points" are the sum of a member's age and his or her years of service.

Now pending is plaintiffs' motion to remand the case to state court. (Doc. # 8).

For the following reasons, the motion is DENIED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### BACKGROUND

In considering the motion to remand, the Court accepts as true all relevant allegations in the complaint and construes all factual ambiguities in favor of plaintiffs. *See Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F.Supp.2d 357, 391 (S.D.N.Y.2006).

Plaintiffs are members of Local 503 and are employed as "operations and/or maintenance employees" at an electrical power plant in Rockland County. They allege defendants misrepresented the terms of, and/or otherwise misinformed them about, a proposed collective bargaining agreement ("CBA"), and thereby breached fiduciary duties owed to plaintiffs, made fraudulent misrepresentations to plaintiffs, and acted negligently in their representation of the membership during negotiation of the CBA.

Specifically, plaintiffs allege defendants "misrepresent[ed] material facts to the membership concerning the progress and results of negotiations" (Compl.¶ 16); misrepresented to the membership that the members' retirement health benefits and their "right to retire upon the accumulation of [eighty-five] points"[1] would be preserved under the CBA (*id.* ¶ 19); and acted negligently in negotiating the CBA by, among other things, "failing to accurately report progress and results of negotiation to the membership" and "negotiating away rights that had previously been secured." (*Id.* ¶ 27).

(*See* Compl. ¶ 19).

## DISCUSSION

### I. *Legal Standard*

A defendant may remove to federal court "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A district court has subject matter jurisdiction over removed cases "arising under" federal law, 28 U.S.C. § 1331, "when the plaintiff's 'well-pleaded complaint' raises an issue of federal law." *New York v. Shinnecock Indian Nation*, 686 F.3d 133, 138 (2d Cir.2012) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)).

■ "[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson, & Cortese–Costa, P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir.2009) (internal quotation marks omitted). Thus, the party invoking the Court's jurisdiction bears the burden of establishing that jurisdiction exists. *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir.2009).

### II. *The Motion to Remand*

Defendants argue removal was proper and the motion to remand should be denied, because although plaintiffs plead only state law claims, those claims are in fact completely preempted by federal law. The Court agrees.

### A. *Complete Preemption and the Federal Duty of Fair Representation*

■ "[T]here is a 'complete preemption' corollary to the well-pleaded complaint rule." *Morillo v. Grand Hyatt New York*, 2014 WL 3498663, at *3 (S.D.N.Y. July 10, 2014). Although state law claims cannot ordinarily be removed to federal court based on a preemption *defense*, "[w]hen federal common or statutory law so utterly dominates a preempted field that all claims brought within that field necessarily arise under federal law, a complaint purporting to raise state law claims in that field actually raises federal claims." *Marcus v. AT & T Corp.*, 138 F.3d 46, 53 (2d Cir.1998). In such a situation, removal is proper because the well-pleaded complaint rule is satisfied. *Id.*

In the context of federal labor law, state law claims may be completely preempted by (i) the federal "duty of fair representation," which arises under the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 *et seq.*, and/or (ii) Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.[2] Although the Second Circuit has not directly addressed the issue, the First and Fifth Circuits and district courts in this District have held the federal duty of fair representation completely preempts certain state law claims. *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am.*, 132 F.3d 824, 831–33 (1st Cir.1997); *Richardson v. United Steelworkers of Am.*, 864 F.2d 1162, 1167–69 (5th Cir.1989); *see, e.g., Ford v. Consol. Edison Co. of New York, Inc.*, 2011 WL 891325, at *2 (S.D.N.Y. Mar. 14, 2011) ("[T]he duty of fair representation—which is implied from the [NLRA]—preempts any state law claim that relates to a union's exclusive right to represent a union member.").

The Court finds these cases persuasive. As the First Circuit reasoned, the federal

---

**2.** Because the Court concludes plaintiffs' state law claims are completely preempted by the federal duty of fair representation, it is unnecessary to reach defendants' arguments regarding Section 301.

duty of fair representation completely preempts state law claims "because federal law completely governs the duties owed by an exclusive collective bargaining representative to those within the bargaining unit, and because this manifestation of congressional will so closely parallels Congress's intentions with regard to [Section 301 of the LMRA]." *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am.*, 132 F.3d at 831 (internal citations omitted).

### B. *Preemption of Plaintiffs' Claims*

■ Defendants argue plaintiffs' claims are preempted because they are subsumed by the duty of fair representation. The Court agrees.

■ A union's duty of fair representation arises out of the NLRA, *see Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), and applies to the negotiation of a collective bargaining agreement as well as to its enforcement and administration. *Spellacy v. Airline Pilots Ass'n–Int'l*, 156 F.3d 120, 126 (2d Cir.1998). A union breaches this duty if it acts arbitrarily, discriminatorily, or in bad faith. *E.g., Vaca v. Sipes*, 386 U.S. at 190, 87 S.Ct. 903; *White v. White Rose Food, a Div. of DiGiorgio Corp.*, 237 F.3d 174, 179 (2d Cir.2001).

■ A state law claim is subsumed by the duty of fair representation—and thus preempted—if it imposes an obligation on the union already imposed by the duty of fair representation. *See, e.g., Goodman v. Port Auth. of N.Y. & N.J.*, 2011 WL 3423800, at *8 (S.D.N.Y. Aug. 4, 2011); *see also Agosto v. Corr. Officers Benev. Ass'n*, 107 F.Supp.2d 294, 310 (S.D.N.Y.2000) ("State law claims are preempted if they arise out of or are encompassed by a breach of the duty of fair representation."). A state law claim is *not* preempted by the duty of fair representation "if it arise[s]

wholly outside the ambit of those obligations circumscribed by a union's duty of fair representation under the collective bargaining agreement." *Morillo v. Grand Hyatt New York*, 2014 WL 3498663, at *4 (S.D.N.Y. July 10, 2014) (internal quotation marks omitted).

Plaintiffs allege defendants breached their fiduciary duties to plaintiffs, made fraudulent misrepresentations to plaintiffs, and negligently misinformed plaintiffs about the contents of the CBA.

The duty of fair representation imposes an obligation to act in good faith. *Vaca v. Sipes*, 386 U.S. at 177, 87 S.Ct. 903. Plaintiffs' fraudulent misrepresentation and breach of fiduciary duty claims are subsumed by the duty because the alleged acts here (that defendants made certain misrepresentations regarding CBA negotiations to the union's membership), if ultimately proven, would violate this already-existing duty. *Spellacy v. Airline Pilots Ass'n–Int'l*, 156 F.3d at 126 ("A union acts in bad faith when it acts with an improper intent, purpose or motive."); *see also Oliva v. Wine, Liquor & Distillery Workers Union, Local One*, 651 F.Supp. 369, 371 (S.D.N.Y.1987) (claim based on allegations of union's "bad faith representations" and resultant breach of fiduciary duty simply a "recharacterization[ ]" of federal duty of fair representation claim) (citing *Vaca v. Sipes*, 386 U.S. at 177, 87 S.Ct. 903).

Because plaintiffs' fraudulent misrepresentation and breach of fiduciary duty claims impose no duties defendants do not already owe under the federal duty of fair representation, they are subsumed and, thus, completely preempted.

Moreover, because plaintiffs' negligence claim is premised in large part on the same allegation as their other claims (that defendants "fail[ed] to accurately report progress and results of negotiation to the membership" (Compl.¶ 27)), it is similarly preempted. *See Cahoon v. Int'l Bhd. of*

*Elec. Workers Local 261,* 175 F.Supp.2d 220, 226–27 (D.Conn.2001) (negligence claim based on union's "representational activity" preempted by duty of fair representation). Plaintiffs may not avoid federal jurisdiction by disguising a federal fair representation claim in state law negligence terms. *See Aledide v. Barr,* 607 F.Supp. 281, 284 (S.D.N.Y.1985); *see also Peters v. New York Hotel & Motel Trades Council AFL–CIO,* 1986 WL 11195, at *3 (S.D.N.Y. Sept. 30, 1986) ("It is well settled that a claim alleging negligence in a union's handling of an employee's grievance is nothing more than an assertion that the union breached its duty of fair representation.").

Accordingly, because plaintiffs' state law claims are preempted by the duty of fair representation, removal was proper.

### CONCLUSION

Plaintiffs' motion to remand is DENIED.

The Clerk is instructed to terminate the pending motion. (Doc. # 8).

SO ORDERED.