**Henry L. BANKS, Plaintiff,**

v.

**Vic ALEXANDER, Defendant,**

**Genus R. Scrivens, Plaintiff,**

v.

**Vic Alexander, Defendant.**

**Nos. 3:06cv133, 3:06cv134.**

United States District Court,
S.D. Ohio,
Western Division.

March 21, 2007.

James R. Greene, III, James R. Greene III & Associates, Dayton, OH, for Plaintiffs.

Julie C. Ford, Doll, Jansen & Ford, Dayton, OH, Daniel M. Kovalik, Robert J. Degregory, United Steel Workers, Pittsburgh, PA, for Defendant.

DECISION AND ENTRY OVERRULING PLAINTIFFS' MOTIONS TO REMAND (DOC. # 7, IN CASE NO. 3:06cv133, AND DOC. # 6, IN CASE NO. 3:06cv134); DECISION AND ENTRY SUSTAINING DEFENDANT'S MOTIONS TO DISMISS (DOC. # 6, IN CASE NO. 3:06cv133, AND DOC. # 5, IN CASE NO. 3:06cv134); JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFFS; TERMINATION ENTRY

RICE, District Judge.

Plaintiffs, employees at Delphi Corporation ("Delphi"), brought these consolidated cases in the Montgomery County Common Pleas Court. In their Complaints, Plaintiffs allege that Defendant Vic Alexander ("Defendant" or "Alexander") is "the person responsible for administration and representation of the blue collar workers' participation in the Suggestion Plan" at Delphi, where he is also employed.[1] See Doc. # 2, in Case No. 3:06cv133, and Doc. # 3, in Case No. 3:06cv134, at ¶ 4. Plaintiffs contend that, although Defendant was charged with ensuring that suggestions submitted by themselves and by others were properly considered and compensated, he has breached that duty by failing to see that they were fairly compensated for their suggestions. In their Complaints, Plaintiffs have set forth state law claims of misrepresentation, detrimental reliance and intentional interference with business relations.

■ Defendant removed this litigation to this Court, alleging in his Notice of Removal that he is a Vice President of Local 87 of the United Steel, Paper, Forestry, Rubber, Manufacturing, Energy, Allied–Industrial and Service Workers International Union ("Local 87"), the union representing Plaintiffs and other union workers at Delphi. Alexander contends that this Court can exercise federal question jurisdiction over Plaintiffs' claims,[2] because they are completely preempted by § 9(a) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 159(a).[3] Section 9(a) makes a duly elected union the exclusive representative of all bargaining unit employees. A union's duty of fair representation flows from its status as exclusive representative under § 9(a). *Kunz v. United Food and Commercial Workers, Local 876,* 5 F.3d 1006, 1010 (6th Cir.1993). *See also, Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

■ Plaintiffs have moved to remand these cases, arguing that the Court is without subject matter jurisdiction, since they have set forth only state law claims in their Complaints. See Doc. # 7, in Case No. 3:06cv133, and Doc. # 6, in Case No. 3:06cv134. In addition, the Defendant has moved to dismiss Plaintiffs' Complaints. See Doc. # 6, in Case No. 3:06cv133, and Doc. # 5, in Case No. 3:06cv134. In its Entry of August 8, 2006, this Court established procedures for the resolution of the Plaintiffs' Motions to Remand, writing:

As indicated, Defendant argues that this Court can exercise such jurisdiction over

---

1. The full name of the Suggestion Plan is the Quality Network Suggestion Plan Employee Handbook.

2. *See* 28 U.S.C. §§ 1441 and 1331.

3. In his Notices of Removal (Doc. # 1, in Case No. 3:06cv133, and Doc. # 2, in Case No. 3:06cv134), Defendant has not alleged that diversity of citizenship exists.

these cases, because Plaintiffs' state law claims are completely preempted by § 9(a). It bears emphasis that the argument that a plaintiff's state law claims are preempted by federal law is normally a defense which must be raised in state court. *See e. g., Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003). However, the complete preemption principle is an exception which permits the removal of a very limited class of state law claims, because those claims are from their inception federal law claims.[4] *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.") The First and Fifth Circuits have held that a state law claim against a union which implicates its duty of fair representation is completely preempted, thus permitting the removal of such state law claims. *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of America, IAMAW, Dist. Lodge 4*, 132 F.3d 824 (1st Cir.1997); *Richardson v. United Steelworkers of America*, 864 F.2d 1162 (5th Cir.1989). In *Richardson*, the Fifth Circuit wrote:

> *Avco [v. Aero Lodge No. 735, International Association of Machinists & Aerospace Workers*, 390 U.S. 557, 88

S.Ct. 1235, 20 L.Ed.2d 126 (1968) ] recognized removal based on section 301's complete, displacing preemption of state law because of congressional intent that federal (and state) courts create and administer a comprehensive body of federal law for the court['s] enforcement of collective bargaining agreements. Under *Vaca [v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) ], the NLRA duty of fair representation, for the enforcement of which a federal (and state) court action is authorized, completely preempts state law because of the congressional intent that federal law, developed to further the goals of the NLRA, entirely governs the duties which an NLRA collective bargaining representative owes, by virtue of its position as such, to the workers it represents in that capacity. We cannot conceive that Congress intended complete displacive preemption of the *Avco* variety in the section 301 context, but not in the context of the duty of fair representation arising from a union's status as an exclusive collective bargaining agent under [§ 9(a) of] the NLRA.

*Id.* at 1169–70. The First Circuit adopted a similar rationale in *BIW Deceived. See* 132 F.3d at 831. Therefore, if these lawsuits were against Local 87, the union representing Plaintiffs, as was the case in *Richardson* and *BIW Deceived*, the Court would, without difficulty, conclude that it has removal juris-

---

4. The Supreme Court has recognized complete preemption in only three instances, to wit: 1) that § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, completely preempts state law claims that a collective bargaining agreement has been breached, *Avco v. Aero Lodge No. 735, International Association of Machinists & Aerospace Workers*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); 2) that state law claims for benefits

from a plan governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*, are completely preempted by 29 U.S.C. § 1132, *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); and 3) that state law claims of usury are completely preempted by the National Bank Act, 12 U.S.C. § 85, *Beneficial Nat. Bank, supra.*

diction under the complete preemption doctrine.

However, the duty of fair representation flows from the *union* to the members of the bargaining unit, rather than from *union officials* to such employees.[5] Accordingly, Defendant has moved to dismiss Plaintiffs' claims, arguing that a union official is not liable for the breach of duty of fair representation. *See* Doc. 6, in Case No. 3:06cv133, and Doc. #5, in Case No. 3:06cv134. Defendant's motions raise an interesting question, to wit: does § 9(a), which does not impose a duty of fair representation on union officials, completely occupy the field of claims against union officials so that a state law claim against a union official is from its very inception a federal claim, even though no such claim exists under federal law. Since neither party has addressed the fact that a union official has removed these matters under the theory that Plaintiffs' claims are completely preempted by § 9(a) of the NLRA, even though that statute does not impose duties upon union officials or provide them with immunity, the Court directs the parties to supplement their filings, within 20 days from date, addressing that issue. They may file simultaneous reply memoranda 10 days thereafter.

In addition, the Defendant has not presented evidence showing that his actions with respect to the administration of the Suggestion Plan were part of his duties as a union official, as opposed to being part of his duties as an employee at Delphi. Regardless of the resolution of the legal issues set forth above, it is difficult to imagine that Plaintiffs' claims are completely preempted, if Defendant was merely fulfilling his functions as an employee of Delphi, when administering the Suggestion Plan. Therefore, the Defendant must submit evidence, within 20 days of date, establishing that he acted in his capacity as an official of Local 87, when he administered the Suggestion Plan or otherwise interacted with the Plaintiffs. Plaintiffs shall have 10 days in which to file a reply to the evidence presented by Defendant.

After the time for the parties to submit these materials has expired, this Court will rule upon the Plaintiffs' Motions to Remand. In the event that this Court concludes that it can exercise subject matter jurisdiction over these consolidated cases, it will rule upon the Defendant's Motions to Dismiss (Doc. #6 in Case No. 3:06cv133 and Doc. #5 in Case No. 3:06cv134) in the same Decision.

Doc. #12, in Case Nos. 3:06cv133 and 3:06cv134 at 2–5 (footnotes in the original). The parties have filed the requisite papers. *See* Docs. ## 15–17 in Case No. 3:06cv133. The Court now rules upon Plaintiffs' Motions to Remand.[6]

As an initial matter, based upon the evidence submitted by Defendant, his declaration and pertinent pages of the Collective Bargaining Agreement between Delphi and Local 87,[7] the Court concludes that

---

**5.** The union, not a union official, is the exclusive bargaining agent.

**6.** This Court rules upon Plaintiffs' Motions to Remand, which challenges its subject matter jurisdiction, before addressing the Defendant's Motions to Dismiss, because federal courts must assure themselves that they have subject matter jurisdiction before addressing the merits of a suit. *Steel Co. v. Citizens for a*

*Better Environment*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

**7.** That document is in actuality both an affidavit and a declaration, given that Alexander was sworn by a notary before signing it and he has declared under penalty of perjury that the statements therein are true. For sake of simplicity, the Court refers to it as a declaration.

Alexander was fulfilling his duties as a union officer, when he was involved in the administration of the Suggestion Plan, as opposed to merely acting as an employee at Delphi at that time. In his declaration,[8] Alexander states that he is the Vice President of Local 87, and a former employee of Delphi,[9] and that the Plaintiffs are employed at Delphi and are members of Local 87. According to Alexander's uncontroverted declaration, the Suggestion Plan was collectively bargained for by the union and Delphi. As part of his duties as Vice President of Local 87, he serves as the Quality Network Representative on the Joint Facility Team, a joint labor-management committee provided for in the Collective Bargaining Agreement. The Joint Facility Team is responsible for overseeing the parties' compliance with the Suggestion Plan. Alexander's only involvement with the suggestions submitted to the Suggestion Plan by the Plaintiffs was in accordance with his participation on the Joint Facility Team.

■ Thus, the question becomes whether a state law claim alleging that a union official breached the duty he owed to union members, as a result of implementing an agreement as part of collective bargaining, is completely preempted by § 9(a) of the NLRA, 29 U.S.C. § 159(a). The Court begins by setting forth its reasons for concluding that, if Plaintiffs had sued Local 87, itself, rather than its officer who was merely performing his duties as a union official, their claims would be completely preempted.

In concluding that state law claims against a labor union for breach of the duty of fair representation were completely preempted by § 9(a), the First and Fifth Circuits, in *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of America, IAMAW, Dist. Lodge 4,* 132 F.3d 824 (1st Cir.1997), and *Richardson v. United Steelworkers of America,* 864 F.2d 1162 (5th Cir.1989), decisions which this Court discussed in its earlier decision, relied extensively on the decision of the United States Supreme Court in *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Therefore, this Court begins by analyzing *Vaca.*

In *Vaca,* the plaintiff at trial, Owens,[10] a member of Local 12 of the National Brotherhood of Packinghouse Workers and a former employee at Swift & Company's Kansas City, Missouri, meat packing plant, brought suit against a number of union officials, alleging that he had been discharged by Swift in violation of the collective bargaining agreement which governed his employment and that the union officials had arbitrarily and capriciously refused to take his grievance to arbitration. The matter was tried in a Missouri state trial court, with the jury awarding compensatory and punitive damages to the plaintiff. The trial judge, however, set aside the jury's verdict, concluding that the National Labor Relations Board ("NLRB") had exclusive jurisdiction over plaintiff's claims, and the intermediate appellate court agreed. The Missouri Supreme Court disagreed, thus reversing and ordering that the jury verdict be reinstated. On further appeal, the United States Supreme Court rejected the proposition that claims predicated upon the alleged breach of duty of fair representation are within the exclusive jurisdiction of the NLRB. However, the United States Supreme Court did not af-

---

**8.** Alexander's declaration is attached to his Supplemental Memorandum in Support of Motion to Dismiss and in Response to Plaintiffs' Motion to Remand. *See* Doc. # 16, in Case No. 3:06cv133.

**9.** Defendant states that he retired from his employment with Delphi on February 1, 2004.

**10.** Sipes was the administrator of Owens estate.

firm the judgment of the Missouri Supreme Court. Rather, the *Vaca* Court concluded that federal law is the exclusive source of the duty of fair representation which is imposed upon labor unions, writing:

It is now well established that, as the exclusive bargaining representative of the employees in Owens' bargaining unit, the Union had a statutory duty fairly to represent all of those employees, both in its collective bargaining with Swift, see *Ford Motor Co. v. Huffman,* 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048 [1953]; *Syres v. Oil Workers International Union,* 350 U.S. 892, 76 S.Ct. 152, 100 L.Ed. 785 [1955], and in its enforcement of the resulting collective bargaining agreement, see *Humphrey v. Moore,* 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 [1964]. The statutory duty of fair representation was developed over 20 years ago in a series of cases involving alleged racial discrimination by unions certified as exclusive bargaining representatives under the Railway Labor Act, see *Steele v. Louisville & N.R. Co.,* 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 [1944]; *Tunstall v. Brotherhood of Locomotive Firemen,* 323 U.S. 210, 65 S.Ct. 235, 89 L.Ed. 187 [1944], and was soon extended to unions certified under the N.L.R.A., see *Ford Motor Co. v. Huffman,* supra. Under this doctrine, the exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct. *Humphrey v. Moore,* 375 U.S., at 342, 84 S.Ct. 363. It is obvious that Owens' complaint alleged a breach by the Union of a duty grounded in *federal* statutes, and that *federal* law therefore governs his cause of action. e.g., *Ford Motor Co. v. Huffman,* supra.

386 U.S. at 177, 87 S.Ct. 903. The *Vaca* Court also held that a "breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith," (*Id.* at 190, 87 S.Ct. 903) and that the duty of fair representation had not been breached in that instance. *Id.* at 194–95, 87 S.Ct. 903.

In *BIW Deceived* and *Richardson,* the First and Fifth Circuits concluded that state law claims alleging the breach of duty of the fair representation by a labor union were completely preempted by federal law, given that, in accordance with *Vaca,* federal law completely governs such duties, just as federal law, § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, completely preempts state law claims of breach of a labor contract, because federal law completely occupies that area.[11] *See Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). This Court finds those decisions to be persuasive and will follow them. Indeed, this Court has effectively held that a claim against a labor union, alleging breach of duty of fair representation under § 9(a) of the NLRA, is completely preempted. In *Greenwood v. Delphi Automotive Systems, Inc.,* 257 F.Supp.2d 1047 (S.D.Ohio 2003), the plaintiff brought suit in state court against his employer, co-workers and the union which represented him. The genesis of his claims was the alleged sexual harassment to which two female co-workers had subjected him. In his complaint, he set forth only state law claims. Against the union, plaintiff set forth a state law, breach of duty of fair representation claim. The un-

---

**11.** The Sixth Circuit has not addressed that issue.

ion removed the matter to this Court on the basis that such a claim was completely preempted by federal law. Although the Plaintiff did not challenge the existence of subject matter jurisdiction, this Court raised the issue on its own motion, concluding that plaintiff's duty of fair representation claim arose under § 9(a) of the NLRA and that the statute invested the Court with such jurisdiction. *Id.* at 1067–68 & n. 16. Although this Court did not, expressly, address the issue of whether § 9(a) completely preempted plaintiff's claims, such a conclusion was the only logical basis upon which this initially state court action, without complete diversity between the parties, alleging a state law breach of duty of fair of fair representation claim, could be removed to and retained by a federal court on the basis that the plaintiff's state law claim arose under that section of the NLRA which vested jurisdiction in the federal court.

▇▇▇▇ Based upon the foregoing, this Court concludes that a state law claim against a labor union, touching upon its duty to represent all bargaining unit employees fairly, is completely preempted by § 9(a). The Court now turns to the question of whether that rule is also applicable to such claims asserted against union officers and other officials, even though § 9(a) imposes the duty of fair representation upon the labor union, and not upon its officers and other officials. Neither party has cited, nor has the Court's research found, a decision in which a federal court addressed that question. Despite the absence of authority, this Court is convinced that the rule concerning complete preemption of claims against a union, announced by the First and Fifth Circuits in *BIW*

*Deceived* and *Richardson*, and adopted herein, is applicable to claims against union officers such as Alexander. As an initial matter, it bears noting that the decision of the Supreme Court in *Vaca* arose out of breach of duty of fair representation claims against union officials, rather than against the union itself. The *Vaca* Court did not treat a suit predicated upon the alleged breach of duty of fair representation against a union official any differently than one against the union itself. In addition, courts have held that *unions,* by virtue of Congress enacting § 9(a) which made them the exclusive representatives of all employees in a bargaining unit,[12] owe a duty of fair representation to all such employees. *See, e. g., Vaca.* What constitutes a breach of the duty of fair representation is a question of federal law. *Id.* Whether a labor union has breached that duty is entirely dependant upon the actions of its officers and other officials. When it enacted § 9(a), Congress did not, however, make union officers and other officials (as opposed to the union itself) the exclusive representatives of bargaining unit employees; therefore, as is discussed below, courts have concluded that the duty of fair representation is not imposed upon such individuals. Thus, Congress has occupied the entire field by indicating who owes such a duty and who does not. This Court can give effect to the decision of Congress to make unions, rather than their officers and other officials, the exclusive representatives of all bargaining unit employees, only by holding that state law claims against such individuals, touching upon the duty of fair representation, are

12. Section 9(a) provides in pertinent part:
   Representatives designated or selected for the purposes of collective bargaining by the majority of the employees in a unit appropriate for such purposes[ ] shall be the exclusive representatives of all the employees in such unit for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment. . . .
   29 U.S.C. § 159(a).

completely preempted, just as such claims against unions are completely preempted.

■ Herein, the Plaintiffs have asserted claims which arise out of the overriding allegation that, even though Alexander was charged with ensuring that suggestions submitted by themselves and by others were properly considered and compensated, he has breached that duty by failing to see that they were fairly compensated for their suggestions. As is discussed above, Defendant's involvement with the Suggestion Plan flows from his functioning as a union official, in a position specified in the Collective Bargaining Agreement. This Court concludes that Plaintiffs' claims that Alexander breached the duties he owed to them by virtue of his functioning as a union officer, charged with functions relating to the Suggestion Plan as a result of provisions in the Collective Bargaining Agreement, are predicated upon the premise that he failed to meet his duty of fairly representing them.

Accordingly, the Court concludes that Plaintiffs' claims are completely preempted, and that this Court can exercise federal question, removal jurisdiction. As a consequence, it overrules Plaintiffs' Motions to Remand (Doc. # 7, in Case No. 3:06cv133, and Doc. # 6, in Case No. 3:06cv134).

■ Having concluded that it can exercise federal question, removal jurisdiction herein, the Court turns to the Defendant's Motions to Dismiss (Doc. # 6, in Case No. 3:06cv133, and Doc. # 5, in Case No. 3:06cv134). Therein, he initially argues that the Court must dismiss the Plaintiffs' claims, because they are preempted by federal law. This Court overrules those motions. In *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998), the Supreme Court, in discussing the complete preemption doctrine, noted that, "[a]lthough federal preemption is ordinarily a defense, '[o]nce an

area of state law has been completely preempted, any claim purportedly based on that pre-empted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law.' " *Id.* at 467, 118 S.Ct. 921 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). Quite simply, it is disingenuous for Defendant to argue *both* that this Court has removal jurisdiction over Plaintiffs' claims because they are completely preempted by federal law, meaning that those claims are arise under federal law regardless of how Plaintiffs have cast them, *and* that Plaintiffs' claims arise under state law and, thus, must be dismissed because they are preempted by federal law. If, as Defendant argues (incorrectly) in his Motions to Dismiss, the Plaintiffs' claims arise only under state law, the remedy is remand, rather than dismissal.

■ Alternatively, Defendant argues that this Court must dismiss Plaintiffs' claims against him, because, as a matter of federal law, union officers and other officials are not personally liable to individual union members. Pursuant to the above discussion and that set forth below, this Court agrees. The Circuits that have considered the question have uniformly held that a claim of breach of fair duty of representation cannot be asserted against a union officer or other union official. *Morris v. Local 819, Int. Brotherhood of Teamsters*, 169 F.3d 782, 784 (2d Cir.1999); *Carter v. Smith Food King*, 765 F.2d 916, 920–21 (9th Cir.1985). *See also Montplaisir v. Leighton*, 875 F.2d 1, 4 (1st Cir.1989) ("The [Supreme] Court has long held that 'union agents' are not personally liable to third parties for acts performed on the union's behalf in the collective bargaining process"). Although the Sixth Circuit has not addressed the question, District Courts in this Circuit have held that union

officials cannot be held personally liable for breach of duty of fair representation claims. *Wood v. Byer*, 2006 WL 3304053 (N.D.Ohio 2006); *Oliver v. Gallagher*, 2006 WL 517640, 2006 U.S. Dist. Lexis 8035 (N.D.Ohio 2006). This Court finds the foregoing decisions to be persuasive and will follow them. Accordingly, the Court concludes that Plaintiffs cannot assert their claims against Alexander.

Based upon the foregoing, the Court sustains the Defendant's Motions to Dismiss (Doc. # 6, in Case No. 3:06cv133, and Doc. # 5, in Case No. 3:06cv134). Judgment is to be entered in favor of Defendant and against Plaintiffs, dismissing Plaintiffs' claims with prejudice.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.